OPINION
AMBRO, Circuit Judge.
James Schollmeyer pled guilty in the District Court of New Jersey to one count of mail fraud and was sentenced to 27 months’ imprisonment. He now appeals that sentence as substantively unreasonable. We affirm.[1]
*331 i.
In 2003, Schollmeyer began working for Superior Mortgage Company in Parsippa-ny, New Jersey as a senior loan officer and assistant branch manager. In January 2007, he deposited five mortgage broker checks payable to Superior, totaling $24,070.25, into his personal bank account. His employer discovered Schollmeyer’s theft and confronted him. Schollmeyer apologized and repaid the company $20,110.50. At the time, his employer did not call law enforcement.
Schollmeyer continued to steal from Superior over the next four months. He opened an unauthorized account in the name of Superior Mortgage, and diverted 27 broker fee checks, totaling $200,331.17, into this account. He was once again caught by his employer and subsequently fired. The FBI began investigating and, according to the Government, Schollmeyer began cooperating after an agent visited his home. In March 2008, Schollmeyer pled guilty to one count of mail fraud (in violation of 18 U.S.C. § 1341).
He was sentenced in March 2008. The United States Probation Office determined that his total offense level was 18, which included a three-level decrease for his acceptance of responsibility. Schollmeyer’s Guideline range was 27 to 33 months’ imprisonment. At sentencing, the District Court considered Schollmeyer’s arguments for a downward variance, but declined to vary from the Guidelines range. The Court sentenced Schollmeyer to 27 months’ imprisonment, followed by five years of supervised release. He timely appealed.
II.
Schollmeyer does not contend that the District Court committed any procedural error at sentencing. Rather, he argues that the Court gave insufficient weight to three mitigating factors making the ultimate sentence substantively unreasonable: (1) the psychological diagnosis report that Schollmeyer suffered from “extreme optimism”; (2) his “extraordinary” acceptance of responsibility; and (3) his community service. We disagree.
“Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances.” United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc) (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). “[I]f the district court’s sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Id. at 568.
Schollmeyer first argues that his psychological diagnosis of “extreme optimism” warranted greater mitigating weight by the Court. He claims that because of this condition, he believed he would be able to repay everyone and not suffer any negative consequences.
Next, Schollmeyer contends that the District Court should have given a lesser sentence because of his “extraordinary” acceptance of responsibility by turning himself in, cooperating with law enforcement, and beginning restitution payments, all before charges had been filed.
Lastly, Schollmeyer argues that his participation in a community service organization, which assists individuals facing foreclosure, should have been given greater weight.
The District Court considered a variety of circumstances under 18 U.S.C. § 3553(a), including the matters raised by Schollmeyer in this appeal, in fashioning his sentence. The Court noted the seri *332 ousness of the crime, the nature and circumstances of his offense, the amount of money involved in the offense, the psychological evaluation, Schollmeyer’s volunteer activities, and his acceptance of responsibility. Having reviewed all that information, the District Court reached its decision to sentence Schollmeyer to 27 months in prison, at the low end of the Guidelines range. The Court’s decision not to give certain mitigating factors the weight that Schollmeyer contends they deserve does not render his sentence substantively unreasonable. See United States v. Bungar, 478 F.3d 540, 546 (3d Cir.2007).
After our review of the record, we cannot say that no reasonable sentencing court would have imposed the sentence meted out by the District Court. Tomko, 562 F.3d at 568. Accordingly, we affirm that sentence.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries.” United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc).